**Mark HOWARD, Plaintiff–Appellant–Cross–Appellee,**

**v.**

**UNITED PARCEL SERVICE, Defendant–Appellee–Cross–Appellant.**

**Nos. 15–957–CV, 15–1272–CV.**

United States Court of Appeals, Second Circuit.

April 28, 2016.

Philip Marcel Black, Sheldon Karasik, Andrew Rozynski, Eisenberg & Baum LLP, New York, for Plaintiff–Appellant–Cross–Appellee.

Michael T. Bissinger, Day Pitney LLP, Parsippany, New Jersy, for Defendant–Appellee–Cross–Appellant.

PRESENT: RALPH K. WINTER, DENNY CHIN, SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant-cross-appellee Mark Howard ("Howard") appeals from an amended judgment entered April 2, 2015 following the district court's granting of summary judgment in favor of defendant-appellee-cross-appellant United Parcel Service ("UPS") dismissing his claims of discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–17, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* UPS cross-appeals from the district court's ruling that one aspect of Howard's claim under the ADA was not time-barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Howard, who is hearing impaired, has worked at UPS in various jobs since 1999. In 2009, he began efforts to become a full-time driver. In April 2010, he enrolled in a six-day Driver Training Class ("DTC") but was unable to complete it because he missed one day due to car trouble. He took the course again in May 2010 and completed it, but then failed portions of the final examination twice. He requested an American Sign Language ("ASL") interpreter for both courses; UPS declined that request, but provided a number of other accommodations, including a seat in the front row, the right to ask the instructor to face the class whenever possible, and extra time to take the written examination.

Eventually, Howard completed the DTC and passed the examination, with accommodations similar to what he had previously been provided. He began work as a driver in September 2012, but in January 2013, while backing down a customer's driveway in a UPS truck, he hit a basketball hoop. He failed to report the acci-

dent, and was fired. Subsequently, after consultation with his Union, UPS reduced the termination to a 30–day suspension and Howard returned to a prior position as part-time car washer.

Howard thereafter filed charges of discrimination with the Equal Employment Opportunity Commission and New York State Division of Human Rights. Eventually, he brought the action below, alleging principally that UPS discriminated against him by not providing an ASL interpreter for the April 2010 and May 2010 DTCs, resulting in his failing the final examination.

We affirm the district court's grant of summary judgment dismissing Howard's claims, substantially for the reasons given by the district court in its amended opinion and order. We emphasize the following.

First, a reasonable jury could not have found in favor of Howard with respect to the April 2010 course because, as the undisputed facts showed, he was unable to complete the mandatory six-day course because of car trouble: he did not attend one of the sessions.

Second, with respect to the May 2010 course, a reasonable jury could only have concluded that Howard had not shown a causal link between the lack of an ASL interpreter and his failure to pass the exam. *See Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 108 (2d Cir. 2001) (holding that it is "essential to a finding of discrimination that plaintiff's disability, or the lack of accommodation to that disability, played a 'substantial' role that 'made a difference' to his employer's actions") (citing *Fields v. New York State Office of Mental Retardation and Developmental Disabilities*, 115 F.3d 116, 120 (2d Cir.1997)). The portion of the test that Howard failed was based on written materials he had received twice before. After he failed the test the first time, the instructor reviewed the material he needed to learn to pass, and allowed him to take the exam again. Unfortunately, he did not pass. Moreover, he did pass the DTC examination in 2012 without the assistance of an ASL interpreter, undercutting his argument that an interpreter was vital to his ability to pass the exam.

We have reviewed the parties' remaining arguments on appeal and conclude they are without merit. In light of our disposition of Howard's appeal, we need not reach the merits of UPS's cross-appeal. Accordingly, we **AFFIRM** the judgment of the district court.